UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNIVERSITY OF WISCONSIN HOSPITAL AND CLINICS, INC., and UNIVERSITY OF WISCONSIN MEDICAL FOUNDATION, INC.,

Plaintiffs,

vs.

Case No. 12-cv-31

SELF INSURED SERVICES COMPANY, a/k/a SISCO and EPCO CARBON DIOXIDE PRODUCTS, INC.,

Defendants.

**BRIEF IN SUPPORT OF EPCO'S MOTION TO DISMISS, MOTION TO REFER TO DOCUMENTS OUTSIDE THE PLEADINGS, AND MOTION TO STRIKE**

## I. INTRODUCTION

The case at bar is action for alleged "breach of contract" and statutory interest under Wis. Stat. § 628.46, brought by the University of Wisconsin Hospitals and Clinics, Inc. and the University of Wisconsin Medical Foundation, as assignees of Brennan Cain ("Cain"), against Cain's former employer, defendant EPCO Carbon Dioxide Products, Inc. ("EPCO") and defendant Self Insured Services Company ("SISCO"). (See generally, Plaintiffs' Complaint). As alleged in the complaint, Cain was seriously injured in fall on December 25, 2010 and he was subsequently admitted to the plaintiffs' hospital with alcohol in his system.[1] (Complaint, ¶ 7, 8, 15). The plaintiffs allege that they rendered medical care and treatment to Cain, totaling

[1] On information and belief, Cain died on October 5, 2011, due to complications from a traumatic brain injury sustained in his fall.

$561,358.44, for which they submitted a claim to the defendants pursuant to a "contract of health insurance" between the defendants and Cain. (Complaint, ¶¶ 6, 9, 16).

More accurately, however, the plaintiffs are pursuing a claim for health benefits allegedly owed to Cain as a plan participant under the terms of an ERISA-governed, self-funded group health plan sponsored by EPCO, and designated as the "EPCO Carbon Dioxide Products, Inc. Healthcare Plan – Plan No. 501.[2] As alleged in the complaint, Cain's claim for benefits was denied based on an exclusion in the plan documents (which the plaintiffs characterize as a "policy exclusion") which expressly precludes payment of "charges for accidental bodily Injury sustained or Illness contracted as a result of alcohol or drug use." (Complaint, ¶ 10). Plaintiffs filed the present action, as Cain's assignee, seeking to recover benefits allegedly due under the plan.

Defendant, EPCO, respectfully moves the court pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the plaintiffs' complaint against EPCO on grounds that: (1) the plaintiffs' state law claims for breach of contract and statutory interest are completely preempted under ERISA, (2) the applicable EPCO plan itself is the proper defendant in connection with any claim for benefits under the plan. Further, in the event that this matter ultimately proceeds as a claim for benefits under ERISA, EPCO moves to strike the plaintiffs' jury demand.

## II. STANDARDS UNDER RULE 12(b)(6)/DOCUMENTS OUTSIDE THE PLEADINGS

Attached for the court's consideration are copies of: (1) the EPCO Carbon Dioxide Products, Inc. Healthcare Plan – Plan No. 501 (Exhibit 1), (2) Plan Amendments 1-7, (Exhibit 2)

---

[2] As set forth in Exhibits 1 and 2 hereto, the EPCO plan is a self-funded group health plan providing medical and prescription drug expense coverage in accordance with the express terms, conditions, limitations and exclusions set forth in the plan documents. Exhibits 1 and 2. The plan is funded by EPCO and employee contributions, and benefits are administered by SISCO, as Claims Processor, in accordance with the Plan Documents. *Id*.

(3) ERISA Form 5500 for the Plan (Exhibit 3). EPCO is mindful of the court's Briefing Guidelines applicable to motions under Rule 12(b)(6), establishing that "[i]f either party desires to present to the court matters outside of the pleadings, leave to do so must be obtained from the court by filing a request in motion format." However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." ***Venture Associates Corp. v. Zenith Data Systems Corp.***, 987 F.2d 429, 431 (7th Cir.1993); ***188 LLC v. Trinity Indus., Inc.***, 300 F.3d 730, 735 (7th Cir.2002) (quoting ***Wright v. Associated Ins. Cos.***, 29 F.3d 1244, 1248 (7th Cir.1994)). Further, in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the district court may take judicial notice of facts that are matters of public record, are generally known, or are easily determined. Fed. R. Evid. 201(b); ***Palay v. United States***, 349 F.3d 418, 425 n. 5 (7th Cir.2003); ***Henson v. CSC Credit Services***, 29 F.3d 280, 284 (7th Cir.1994); ***Johnson v. Kingston***, 2003 WL 23277414 (W.D. Wis. June 30, 2003).

Here, the plaintiffs' complaint makes reference to the plan documents, quoting the alcohol exclusion that resulted in the denial of the plaintiffs' claim (Complaint, ¶ 6, 10, 16, 19), and the Form 5500 filing, Exhibit 3, is a readily available public record. Accordingly, the court can appropriately consider these documents without converting EPCO's motion to a motion for summary judgment. *See, e.g.*, ***Hecker v. Deere & Co.***, 556 F.3d 575, 582-83 (7th Cir. 2009); ***Julka v. Standard Ins. Co.***, 2010 WL 376938 (W.D. Wis. 2010) (citing ***McCreedy v. ebay***, 453 F.3d 882, 891 (7th Cir. 2006)). To the extent that a formal motion or request is required pursuant to the court's Briefing Guidelines, EPCO respectfully moves the court to consider the attached Exhibits, without converting its Rule 12(b)(6) motion to a motion for summary judgment.

---

## III. ARGUMENT

### A. Plaintiff's State Law Claims for Breach of Contact and Statutory Interest Are Completely Preempted Under ERISA and Must Be Dismissed.

EPCO adopts the ERISA preemption argument set forth in SISCO's Memorandum in Support of Defendant's Motion to Dismiss. (SISCO's Memorandum, pp. 6-8). The plaintiffs' state law claims for breach of contact and statutory interest are completely preempted under ERISA and must be dismissed. ***Maciosek v. Blue Cross & Blue Shield United of Wisconsin***, 930 F.2d 536 (7th Cir. 1991) (affirming the district court's dismissal of plaintiff's state law claims as preempted under ERISA, and upholding award of sanctions pursuant to Rule 11); ***Tomczyk v. Blue Cross & Blue Shield United of Wis.***, 951 F.2d 771, 777 (7th Cir.1991) (holding that a state-law claim for breach of contract was preempted by ERISA); ***Franciscan Skemp Healthcare, Inc. v. Central States Joint Bd. Health and Welfare***, 538 F.3d 594, 596 (7th Cir.2008) (explaining that ERISA contains an expansive preemption clause intended "to be so broad as to entirely replace any state-law claim" to enforce a claim for benefits under an ERISA-governed employee benefit plan); ***Metropolitan Life Ins. Co. v. Taylor***, 481 U.S. 58, 62 (1987) (holding common law contract and tort claims preempted by ERISA); ***Pilot Life Ins. Co. v. Dedeaux***, 481 U.S. 41, 57 (1986); ***Kannapien v. Quaker Oats Co***., 507 F.3d 629, 640 (7th Cir.2007) (holding state law contract and promissory estoppel claims preempted by ERISA); ***Smith v. Blue Cross & Blue Shield United of Wisconsin***, 959 F.2d 655, 657-68 (7th Cir.1992) (holding bad faith and breach of fiduciary duty claims preempted by ERISA); ***Matt v. Coastal Corp. Severance Pay Plan***, 2008 WL 4646101, *5 (W.D. Wis. Mar. 28, 2008) (holding state law estoppel claims preempted by ERISA); ***Meis v. Liberty Mut. Ins. Co.***, 2006 WL 6085581, *7

(W.D. Wis. Oct. 16, 2006) (bad faith claim preempted by ERISA."); ***Raneda v. Aurora Healthcare, Inc.***, 2006 WL 1728102, *2-3 (E.D. Wis. June 22, 2006) (holding breach of contract, bad faith and damage to reputation claims preempted by ERISA); ***Koehler v. Metropolitan Life Ins. Co.***, 2007 WL 1960627, n. 1 (E.D. Wis. 2007) (noting that claim under Wis. Stat. § 628.46 is preempted under ERISA); ***Julka v. Standard Ins. Co.***, 2010 WL 376938 (W.D. Wis. 2010); ***Parkview Hospital Inc. v. White's Residential & Family Services, Inc.***, 2008 WL 89878 (S.D. Ind. 2008). Therefore, the court should dismiss the plaintiffs' state law claims for breach of contract and statutory interest under Wis. Stat. § 628.46.

**B. Plaintiffs Have Failed to Name the Applicable Plan as a Defendant**

The plaintiffs named Cain's employer, EPCO, and the plan's Claim Administrator, SISCO, as defendants. However, the plan itself is the proper defendant in connection with a claim for benefits under an ERISA-governed employee benefit plan. *See* ***Jass v. Prudential Health Care Plan, Inc.***, 88 F.3d 1482, 1490 (7th Cir. 1996); ***Neuma, Inc. v. AMP, Inc.***, 259 F.3d 864, 872 n. 4 (7th Cir.2001) ("We have continually noted that 'ERISA permits suits to recover benefits only against the Plan as an entity.'") (quoting ***Jass v. Prudential Health Care Plan, Inc.***, 88 F.3d 1482, 1490 (7th Cir.1996)); ***Rivera v. Network Health Plan Of Wisconsin, Inc.***, 2003 WL 22794439, at *6 (E.D. Wis July 11, 2003); *see also* ***Massachusetts Mutual Life Ins. Co. v. Russell***, 473 U.S. 134, 144, 105 S. Ct. 3085, 3091 (1985) (damages under §1132(a)(1)(B) are limited to recovery of benefits only); ***Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund***, 12 F.3d 1292, 1297 (3d Cir. 1993); ***Lee v. Burkhart***, 991 F.2d 1004, 1009-10 (2d Cir. 1993) (ERISA permits suits under 502(a)(1)(B) against the Plan only); ***Gelardi v. Pertec Computer Corp.***, 761 F.2d 1323 (9th Cir. 1985) ("ERISA permits suits to recover benefits only against the Plan as an entity").

Although the Seventh Circuit has recognized two narrow exceptions to the general rule that the plan is the proper defendant, neither exception applies:

> The Seventh Circuit has held that "[g]enerally, in a suit for ERISA benefits, the plaintiff is 'limited to a suit against the Plan.' " ***Mote v. Aetna Life Ins. Co.***, 502 F.3d 601, 610 (7th Cir.2007) (quoting ***Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan***, 378 F.3d 669, 674 (7th Cir.2004)). In limited circumstances, however, individuals have been permitted to sue a party other than the plan in a claim for ERISA benefits. Specifically, the Seventh Circuit has recognized exceptions to its general rule where: (1) the employer and plan are closely intertwined; or (2) the ERISA plan documents refer to the employer and plan interchangeably. ***Mein v. Carus Corp***., 241 F.3d 581, 584-85 (7th Cir.2001) (allowing plaintiff to sue his employer to recover ERISA benefits because the employer and the plan were closely intertwined); ***Riordan v. Commonwealth Edison Co.***, 128 F.3d 549, 551 (7th Cir.1997) (permitting a plaintiff to sue employer to recover ERISA benefits because the plan documents referred to the employer and plan interchangeably). In essence, these two exceptions allow a plaintiff to proceed against a party other than the plan-specifically the employer-when the identity of the plan is not discernable because of the close relationship between the employer and the plan.

***Schultz v. Prudential Ins. Co. of America***, 678 F. Supp. 2d 771, 775 (N.D. Ill. 2010) (concluding that, "[u]nder Seventh Circuit law, as most recently articulated in ***Mote***, the Aviall Plan is the proper defendant in a claim for benefits under Section 1132(a)(1)(B)). As the district court similarly explained in ***Hakim v. Accenture U.S. Pension Plan***, the exceptions have been triggered where confusion exists as to the identity of the plan:

> Since ***Riordan***, courts in this district have noted that where the Seventh Circuit has made exceptions to the general rule barring claims for ERISA benefits against entities other than the plan, it often has done so because some confusion existed as to the identity of the Plan. *See* ***Zuckerman v. United of Omaha Life Ins. Co.***, 2010 WL 2927694, at *2 (N.D. Ill. July 21, 2010) ("exceptions allow a plaintiff to proceed against a party other than the plan-specifically the employer when the identity of the plan is not discernable because of the close relationship between the employer and the plan."); ***Leonardo v. Health Care Service Corp.***, 2010 WL 317520, at *5 (N.D.Ill. Jan. 20, 2010) ("the Seventh Circuit generally uses the 'closely intertwined' exception as a means to allow suit in the face of confusion or uncertainty.").

***Hakim v. Accenture U.S. Pension Plan***, 735 F.Supp.2d 939, 958-49 (N.D. Ill. 2010).[3]

In this case, the Plan Description on page 1 of Exhibit 1 clearly identifies the plan as the "EPCO Carbon Dioxide Products, Inc. Healthcare Plan" – Plan No. 501, while defendant EPCO is identified as Plan Sponsor and SISCO is identified as the Claims Processor. Although the employer, EPCO, is also identified as the agent for service of process, the identity of the plan is clearly discernable from the plan documents and there is little room for confusion between the plan and the employer. Accordingly, the plan is the proper defendant in connection with any claim for benefits, and EPCO should be dismissed.

**C. Plaintiffs' Jury Demand Must Be Stricken**

In the event that the court permits the plaintiffs to proceed with a claim for benefits under ERISA, 1132(a)(1)(b) the plaintiffs demand for a jury trial must be stricken. The plaintiffs' complaint includes a demand for trial by jury. Because jury trials are not permitted under ERISA, the plaintiffs' jury demand must be stricken. ***Wyluda v. Fleet Financial Group***, 112 F.Supp.2d 827, 832 (E.D. Wis. 2000); ***Mathews v. Sears Pension Plan***, 144 F.3d 461, 468 (7th Cir.1998); *see also* ***Sofo v. Pan-American Life Ins. Co.***, 13 F.3d 239, 241-42 (7th Cir.1994).

**CONCLUSION**

Plaintiffs' state law claims against EPCO for breach of contact and statutory interest are completely preempted under ERISA, and must be dismissed. Further, EPCO should be dismissed as a party, as the EPCO plan itself is the proper defendant in connection with any

3 The exceptions have been recognized and discussed in other cases. ***Garratt v. Knowles***, 245 F.3d 941, n. 7 (7th Cir. 2001); ***Neuma, Inc.***, 259 F. 3d 864, at n.; ***Mote,*** 502 F.3d 601, 610-11; ***Feinberg v. RM Acquisition, LLC***, 629 F.3d 671, 675 (7th Cir. 2011); ***Leister v. Dovetail, Inc.***, 546 F.3d 875 (7th Cir. 2008).

claim for benefits. Finally, in the event that this matter ultimately proceeds as a claim for benefits under ERISA, the plaintiffs' jury demand must be stricken.

Dated this 18th day of January, 2012.

/s/ David J. Hanus

David J. Hanus
State Bar No. State Bar No. 1027901
Attorneys for Defendants EPCO CARBON DIOXIDE PRODUCTS, INC.
Hinshaw & Culbertson LLP
100 E. Wisconsin Avenue
Suite 2600
Milwaukee, WI 53202
Telephone: 414-276-6464
Fax: 414-276-9220
E-mail: dhanus@hinshawlaw.com