IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS, INC.; and
UNIVERSITY OF WISCONSIN
MEDICAL FOUNDATION, INC.,

                      Plaintiffs,

vs.                                                    Case No. 12 CV 31

EPCO CARBON DIOXIDE PRODUCTS, INC.
HEALTH CARE PLAN,

                      Defendant.

---

## AMENDED COMPLAINT

---

      **NOW COME** the Plaintiffs, University of Wisconsin Hospital and Clinics, Inc. and University of Wisconsin Medical Foundation, Inc., (hereinafter collectively, "Plaintiffs") by and through their attorneys, Neuberger, Wakeman, Lorenz, Griggs & Sweet, by Attorney Mark S. Sweet, to file the following Amended Complaint and allege as follows:

      1. Plaintiffs allege that Plaintiffs' claims "relate to" an "employee welfare benefit plan" as defined by ERISA, 29 U.S.C. sec. 1001 et seq and that the subject Health Care Plan constitutes a "plan under ERISA." Therefore, Plaintiffs allege that this Court's jurisdiction is invoked pursuant to 28 U.S.C. sec. 1337 and 29 U.S.C. sec. 1132(e).

      2. Venue is proper within the Western District of Wisconsin pursuant to 29 U.S.C. sec. 1132(e)(2) because the acts complained of have occurred within this district.

      3. Plaintiff University of Wisconsin Hospital and Clinics, Inc. is a Wisconsin Non-Profit Corporation that operates a hospital located in Dane County at 600 Highland Avenue, Madison, Wisconsin 53792.

4. Plaintiff University of Wisconsin Medical Foundation, Inc., is a Wisconsin Non-Profit Corporation that is the clinical practice organization for physicians at the University of Wisconsin Hospital and Clinics, with offices located in Dane County at 7974 UW Health Court, Middleton, Wisconsin 53562.

5. Defendant EPCO Carbon Dioxide Products, Inc. Health Care Plan (hereinafter "EPCO Health Care Plan") is an employee health plan established in 2005 by EPCO Carbon Dioxide Products, Inc., an Illinois Corporation headquartered at 1811 Auburn Avenue, Monroe, Louisiana 71201 to provide health insurance coverage to all eligible employees, including its employees within the State of Wisconsin. EPCO Carbon Dioxide Products, Inc. is the plan sponsor and agent for service of process.

6. On December 25, 2010, Brennan Cain (hereinafter "Cain") was an adult individual who resided in Dane County at 737 Bergen Street, Madison, Wisconsin 53714. On said date Cain, was an employee of EPCO Carbon Dioxide Products, Inc. and was an insured plan member of Defendant EPCO Health Care Plan.

7. At all times material hereto, the EPCO Health Care Plan, in its plan, agreed to provide and administer health insurance coverage to employees of EPCO, including Cain.

8. On December 25, 2010, Cain sought treatment at the hospital operated by Plaintiff University of Wisconsin Hospital and Clinics, Inc. (hereafter" UW Hospital") as a result of injuries he suffered in a fall.

9. Upon admission to UW Hospital emergency room, Brennan Cain had alcohol in his system.

10. Plaintiffs University of Wisconsin Medical Foundation, Inc. (hereafter " UW Foundation") and UW Hospital provided medical care and treatment to Cain, and soon after Cain's discharge from UW Hospital, Plaintiffs submitted timely claims for medical expenses

2

incurred in his treatment to EPCO Health Care Plan in an amount totaling $561,358.44.

11. EPCO Health Care Plan denied benefits to Cain, relying upon language in the policy which attempts to limit coverage for what the policy language describes as **"charges for accidental bodily Injury sustained or illness contracted as a result of alcohol or drug use."**

12. Furthermore, EPCO Health Care Plan coded each and every denial of charges with the remark, "Charges for accidental bodily injury or illness resulting from alcohol/drug abuse are not covered."

13. The decision to issue these denials and not pay for the medical care and treatment provided by Plaintiffs to the covered EPCO Health Care Plan member Cain, were in error and a breach of the Plan documents as EPCO Health Care Plan has not offered any evidence or proof that Cain's injuries and the treatment he received resulted from or were caused by **"accidental bodily Injury sustained or illness contracted as a result of alcohol or drug use"** at the time he was admitted to UW Hospital.

14. UW Hospital and UW Foundation therefore exercised a formal appeal of the EPCO Health Care Plan's inappropriate denial of payment of benefits on behalf of Cain.

15. In response to said appeal, EPCO Health Care Plan again denied coverage on the basis of the alcohol exclusion without proffering any evidence or proof that Cain's injuries were the result from or were caused by his use of alcohol.

16. Cain's sister, Temple Palmer, was Cain's legal guardian as he was rendered unable to tend to his own interests and affairs by the injuries he sustained on December 25, 2010. (See Exhibit 1, Letters of Guardianship, attached hereto and incorporated by reference.)

17. Temple Palmer, acting as legal guardian of Cain, assigned and transferred all rights to recovery and/or payment of benefits covered and offered under the EPCO Health Care Plan to UW Hospital and UW Foundation. (See Exhibit No. 2, Assignment by Temple Palmer,

Guardian, attached hereto and incorporated by reference.)

18. To date, the EPCO Health Care Plan has not authorized or submitted payment of the $561,358.44 owed in spite of having all necessary information indicating that proper payment is required.

19. UW Hospital and UW Foundation as Cain's assignee have fulfilled and completed all claims procedures for review of disputed or unpaid and denied claims, and have brought this action in accordance with and in compliance of the terms of EPCO Health Care Plan. (See Exhibit No. 3, Contract, attached hereto and incorporated by reference.)

20. The denial of benefits by EPCO Health Care Plan was arbitrary and capricious as, UW Hospital and UW Foundation allege upon information and belief that, at the time of this denial, the EPCO Health Care Plan:

> (a) Did not conduct an investigation into the circumstances of the accident;
>
> (b) Had not discussed the circumstances of the accident with any witnesses;
>
> (c) Could not be certain as to the cause of the accident or whether the injuries were related to the use of alcohol;
>
> (d) Did not consider that the accident and injuries were unrelated to the use of alcohol.

<u>**FIRST CAUSE OF ACTION**</u>

**FOR RECOVERY OF PLAN BENEFITS, AGAINST
EPCO HEALTH CARE PLAN PURSUANT TO
29 UNITED STATES CODE SECTION 1132(A)(1)(B)**

21. Plaintiffs incorporate those allegations of Paragraphs 1 through 20, as though set forth in full in this cause of action.

22. Under the terms of the EPCO Health Care Plan contract, EPCO Health Care Plan agreed to provide UW Hospital's and UW Foundation's, Cain's assignees, with medical expense benefits. EPCO Health Care Plan wrongfully failed to provide such benefits.

23. Denial of benefits and refusal to pay Cain's assignees constitutes a breach of the contract. UW Hospital and UW Foundation seek payment of all charges incurred by Cain.

24. Plaintiffs are entitled to prejudgment interest at the appropriate rate.

## SECOND CAUSE OF ACTION

### FOR BREACH OF FIDUCIARY DUTY, AGAINST DEFENDANT, PURSUANT TO 29 U.S.C. SECTIONS 1104, 1105, 1009 AND 1132(A)

25. Plaintiffs incorporate those allegations of Paragraphs 1 through 24, as though set forth in full in this cause of action.

26. UW Hospital and UW Foundation allege upon information and belief, EPCO Health Care Plan relied upon an inappropriate exclusion and did not take into consideration all relevant medical and/or circumstantial evidence which could reasonably lead EPCO Health Care Plan to the opposite or another conclusion which would have allowed coverage for the claims and would be to the benefit of Cain and Cain's assignees.

27. EPCO Health Care Plan has denied and refused to provide benefits to Cain's assignees without sufficient evidence to rely upon the exclusion.

28. EPCO Health Care Plan is a fiduciary within the meaning of 29 U.S.C. section 1001 et. seq., specifically 29 U.S.C. section 1002(21)(A), and subject to the duties and liabilities set forth in 29 U.S.C. sections 1104, 1105 and 1109.

29. As alleged herein and in the allegations hereinabove, EPCO Health Care Plan has breached its fiduciary duties and obligations to Cain and Cain's assignees by failing to consider

5

all factors which would provide coverage, and interfering with the plan member's rights to have the medical expenses paid under the terms of the Plan.

30. As alleged herein, EPCO Health Care Plan breached its fiduciary duties and obligations to Cain and his assignees, UW Hospital and UW Foundation, in the following respects:

> (a) Failed to make and authorize benefit payments to the plan member at a time when Defendant knew or should have known that plan member was entitled to said benefits under the terms of the Plan;
>
> (b) Unreasonably and/or arbitrarily withheld payment from plan member, in bad faith, knowing the plan member's claims for benefits under the Plan could not be proven with any certainty to be as a consequence of the use of alcohol;
>
> (c) Unreasonably, arbitrarily and in bad faith withheld payment of the plan member's benefits at a time when Defendant had insufficient and inconclusive information and/or evidence to justify such action;
>
> (d) Unreasonably, arbitrarily and in bad faith failed to pay benefits without considering all the supporting information and/or alternative causes of the plan member's accident;

31. The above stated conduct of EPCO Health Care Plan as alleged herein is a breach of fiduciary duties and obligations, in that EPCO Health Care Plan did and is, discharging its duties with respect to the payment of benefits solely in the interest of EPCO Health Care Plan and not in consideration of the plan member Cain or Cain's assignees.

32. UW Hospital and UW Foundation are informed and believe, and based upon such information and belief, allege that EPCO Health Care Plan has unreasonably concluded the accident that led to Cain's treatment was caused by the use of alcohol in order to justify its imprudent, unlawful, unfair and unreasonable denials of benefits to Cain and to Cain's assignees.

6

## THIRD CAUSE OF ACTION

## FOR AN AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT PURSUANT TO 29 U.S.C. SECTION 1132(G)(1)

33. Plaintiffs incorporate those allegations of Paragraphs 1 through 32 as though set forth in full in this cause of action.

34. 29 U.S.C. section 1132(g)(1) authorizes this Court to award reasonable attorneys' fees and costs of this action to either party in an ERISA action.

35. As a result of the actions and failings of the EPCO Health Care Plan, Plaintiffs have retained the services of legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this action. Further, Plaintiffs anticipate incurring additional attorneys' fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown. Plaintiffs therefore request an award of reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment as follows:

1. For benefits payable under the EPCO Health Care Plan to reimburse Plaintiffs for payments that Plaintiffs have been entitled to receive;

2. For a declaration regarding the EPCO Health Care Plan noncompliance with minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

3. For an award of prejudgment interest;

4. For an award of reasonable attorneys' fees pursuant to 29 U.S.C. section 1132(g)(1);

5. For costs incurred;

6. For such other and further relief as the Court deems appropriate.

7

Dated this 14th day of March, 2012.

                    NEUBERGER, WAKEMAN,
                    LORENZ, GRIGGS & SWEET
                    Attorneys for Plaintiffs University of Wisconsin
                    Hospital and Clinics, Inc. and
                    University of Wisconsin Medical Foundation, Inc.

                    By _____
                    Mark S. Sweet, SB No. 1019001
                    136 Hospital Drive
                    Watertown, WI 53098
                    (920) 261-1630
                    FAX: 920-261-0339